Judge Buckner
delivered the opinion of the court.
James Morehead became bound as the surety of Wharton Ransdale, and to secure him Rans-dale executed to Donaldson as trustee, for More-head’s benefit, a deed of trust dated December 1817, by which he conveyed land and a stock of goods which he had at the Dripping Springs, and empowered the trustee to sell them for the purposes specified in the deed.
In pursuance of the authority thus vested in him, Donaldson sold the goods to Fleming Gatewood, who executed his notes for the price, with Holdensby Dixon as his surety, payable to Donaldson.
In March 1823, Morehead, it is alleged, transfered by an instrument of writing, the interest which was secured to him by the deed of trust, to Donaldson.
The bonds executed for the price of the goods, becoming due, Donaldson instituted suits upon them, and recovered judgments. A part of the judgments were collected by execution, but the defendants therein becoming insolvent, the executions, ns to the residue, were returned “nulla bona.”
In April 1823, John Dixon, the father of Holdens-by, died intestate, owning at the time of his death, a considerable estate, real and personal; and leaving Henry Dixon who became his administrator, Hol-densby, John, Frederick, and Polly Dixon, his children, and a grandson by the name of Thomas F. Dixon, his heirs and distributees.
Some short time after the death of John Dixon, Donaldson, with the design of securing his judgments, caused executions to be issued and levied upon the interest of Holdensby Dixon in the slaves and real estate left by his father, and at a sale of it made by the sheriff, became the purchaser.
Previously however to the issuing of the executions, Holdensby sold and by writing transfered to his brother Henry the whole of his interest in the estate, real and personal, of their father.
When a necessary party is not named fact of an answer being by6a guardian ad litem does not make him
To set aside this sale to Henry Dixon, on the ground °f fraud, and to perfect the title which he he had acquired by virtue of his purchase at the sheriff’s sale, or if that should be determined to be invalid, to have the interest of Holdensby Dixon subjected, by decree, to the satisfaction of his judgments, Donaldson instituted this suit by bill in chancery against Henry Dixon, and his brothers and sisters.
The circuit court entered a decree vacating the sale between Henry and Holdensby Dixon, and subjecting to sale in satisfaction of Donaldson’s judgments, the sixth part of the lands and slaves, &c. of John Dixon deceased, which fell to Holdensby, under a division made by order of the circuit court during the progress of this cause.
A decree was also entered against Henry Dixon, in propria persona, for $240, &c.
To reverse it, Henry Dixon &c. prosecute this writ of error, and have assigned various errors, none of which we shall consider, except that which relates to the want of proper parties, as upon that ground it must be reversed; and as upon a return of the cause to the circuit court, its aspect may be to a considerable extent changed.
Thomas F. Dixon, the grandson of John Dixon, was unquestionably a necessary party. He was not named in the bill, and although an answer was filed f°r a guar(ban ad litem, he cannot be considered as a defendant.
Huring the progress of the cause Frederick Dixon departed this life. His death was suggested on the record, and the suit as to him was abated. It should been revived against his representatives, for, after his death it was as necessary to bring them before the court as it was in the first place to make him a defendant.
Ransdale and Morehead were also necessary parties.
Donaldson sold the goods and took notes for the price, payable to himself as trustee for the benefit of Morehead. Neither of them had a right, according to the terms of the deed, to the money when paid, *577 "sinless Morehead had been, or should be compelled to pay the debt for which he was the surety of Ransdale. It is alleged in the bill that Morehead had been sued Taylor, the individual to whom Ransdale, with More-head his surety, had become bound, and had been compelled to pay the debt, or a large part of it; and that Morehead had assigned his interest in the deed of trust to Donaldson. But what was the extent of that interest? It depended upon the fact of his having been compelled, as the surety of Ransdale, to pay money for him, and would consequently be regulated by the amount so paid. It is clear therefore that Ransdale and Morehead were necessary parties. Morehead’s interest under the deed of trust was assignable in equity only.
Mills and Brown for plaintiffs; Crittenden for de-, fendant.
The decree must be reversed, and the cause remanded to the circuit court, with directions to dismiss the bill, unless steps be taken in reasonable time, which must be allowed for that purpose, to bring all necessary parties before the court.
Note. — Absent Judge Underwood.